IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANDRE SINKFIELD,
:
      Petitioner,
:
   vs.                                    Case No. 3:03cv082
:
ANTHONY J. BRIGANO, WARDEN,     JUDGE WALTER HERBERT RICE
:
      Respondent.

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #8) IN THEIR ENTIRETY; PETITIONER'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #9, AS EXPANDED IN DOC. #11) OVERRULED; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER ON THE MERITS; CERTIFICATE OF APPEALABILITY GRANTED AND ANTICIPATED MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS* SUSTAINED; TERMINATION ENTRY

---

Pursuant to the reasoning and citations of authority set forth by the United States Magistrate Judge, in his Report and Recommendations filed July 14, 2003 (Doc. #8), as well as upon a thorough *de novo* review of this Court's file and the applicable law, this Court adopts said Report and Recommendations in their entirety. The Petitioner's Objections to said judicial filing (Doc. #9, as expanded and further explained in Doc. #11) are overruled.

In ruling as aforesaid, this Court makes the following, non-exclusive,

observations:

1.  The decision of the state court of appeals, analyzing the pertinent legal issues under Chambers v. Mississippi, 410 U.S. 284, 35 L.Ed. 2d 297 (1973), concluding that while Stephens' statement inculpating himself was against Stephens' penal interest, that portion of the statement inculpating Watson was not therefore admissible under a hearsay exception.  Whether one agrees or disagrees with this conclusion, same was not an unreasonable application of Chambers and therefore must be upheld under 18 U.S.C. § 2254(d)(1) and Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed. 2d 389 (2003).

2.  The developing law since the passage of the Antiterrorism and Effective Death Penalty Act of 1996 does not support Petitioner's premise that "in the overwhelming majority of cases, a decision that is wrong is unreasonable."  For example, in Rockwell v. Yukins, 341 F.3d 507 (6th Cir. 2003) (en banc), the court quoted extensively from Justice O'Connor's opinion in Williams v. Taylor, supra, to the effect that the federal court is not to do a *de novo* review, but is to decide if the state court's decision is objectively unreasonable, specifically distinguishing wrong from unreasonable decisions.  There are many Supreme Court decisions, post-Williams v. Taylor, reaffirming the distinction, including Brown v. Payton, 544 U.S. 133 (2005); Bell v. Cone, 543 U.S. 447 (2005); Holland v. Jackson, 542 U.S. 649 (2004); Lockyer v. Andrade, 538 U.S. 63 (2003); Price v. Vincent, 538 U.S. 634 (2003); Wiggins v. Smith, 539 U.S. 510 (2003) and Woodford v. Visciotti, 537 U.S. 19 (2003).  Indeed, even the applicable provision in the

Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), provides that its two prongs are independent and distinct.

While this Court, were it sitting as the trier of fact, or, for that matter, as a member of an appellate panel on direct appeal, might have decided the issue differently, the undersigned is simply unable to say that the rationale and decision of the state court of appeals was "an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States."

Accordingly, having adopted the Report and Recommendations of the United States Magistrate Judge (Doc. #8), and having overruled the Objections of the Petitioner thereto (Doc. #9, as amplified by Doc. #11), judgment will be ordered entered in favor of Respondent and against Petitioner herein, upon the merits of the Petitioner's Petition for a Writ of Habeas Corpus.

Given that the Petitioner has made a substantial showing of the denial of a constitutional right and, moreover, that the Court's conclusion herein might well be debatable among jurists of reason, the Court herein grants a Certificate of Appealability, on both branches of his Petition for Writ of Habeas Corpus.  In addition, this Court grants the Petitioner the right to appeal *in forma pauperis*.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

|  |  |
|---|---|
| March 24, 2006 | /s/ Walter Herbert Rice <br> WALTER HERBERT RICE <br> UNITED STATES DISTRICT JUDGE |

Copies mailed to:

Darrell Heckman, Esq.
Mark J. Zemba, Esq.

WHR:slc